■ In the Matter of ANTONIO ESPARRA, Respondent, v DEWITT C. TREDER et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination dated June 26, 1985, terminating the petitioner's employment, the appeal is from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 2, 1986, which granted the petitioner's application to the extent of directing the appellants to reinstate the petitioner to his position as a Suffolk County community service aide with back pay and emoluments to the effective date of the termination of his services.

Ordered that the judgment is affirmed, with costs.

New York State Civil Service Law § 63 and Suffolk County Civil Service Rule XIII (B) (2) provide that upon promotion of a permanent civil service employee to a position requiring probationary service, the position formerly held by the person promoted shall be held open. The respondents, in an answer, admit that the position of Suffolk County community service aide is a permanent one. Accordingly, Special Term properly reinstated the petitioner to his previous position as a Suffolk County community service aide upon the termination of his employment as a probationary police officer. The Suffolk County community service aide position is no different than any other permanent civil service position and the Suffolk County Police Department cannot arbitrarily seek to exclude

these aides from the protection of the civil service laws. Mangano, J. P., Rubin, Kooper and Harwood, JJ., concur.